UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-135-KAC-JEM |
| | ) | |
| GENE EDWARD WASHINGTON, III, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Gene Washington's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 13], which he filed on January 6, 2026.

Defendant Washington asks the Court to continue the motion and plea deadlines, as well as the trial in his case [*Id*. at 1]. In support of his motion, Defendant asserts the Court appointed counsel on December 5, 2025 [*id.* ¶ 1], but the remote location of his detention facility kept his counsel from being able to meet with him until January 6, 2026 [*id.* at 1]. Defendant states the pretrial motion deadline passed on January 5, 2026, before counsel could confer with him [*Id.*]. Defendant also states counsel has not completed his investigation into the facts and circumstances of his case to fully advise Defendant of the best possible resolution for his case [*Id.* ¶ 2]. Additionally, Defendant states there is good communication between defense counsel and the Government, and a continuance provides an opportunity to make a full resolution of the case against Defendant [*Id.* ¶¶ 3–4]. Defendant's motion reflects the Government does not oppose the requested continuance [*Id.* ¶ 6]. Defendant understands that the period of time between the filing of his motion and a rescheduled trial date will be excludable for speedy trial purposes [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, defense counsel needs time to review the case with Defendant, continue discussions with the Government, and, if necessary, prepare the case for trial. The Court finds that this cannot occur before the February 26, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion Continue Deadlines and Trial Date [**Doc. 13**]. The trial date is reset to **May 12, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on January 6, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 13**] is **GRANTED**;

(2) the trial date is reset to commence on **May 12, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 6, 2026**, and the new trial date of **May 12, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) for good cause shown, the deadline for filing pretrial motions is reopened and reset for **February 9, 2026**, and responses are due on or before **February 23, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 10, 2026**;

(6) the deadline for filing motions *in limine* is **April 27, 2026**, and responses to motions *in limine* are due on or before **May 5, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 28, 2026, at 1:30 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 1, 2026**.

**IT IS SO ORDERED.**

                ENTER:

                */s/ Jill E. McCook*
                Jill E. McCook
                United States Magistrate Judge